E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
02/16/2021 12:33:53 PM
Linda Myhre Enlow
Thurston County Clerk

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

☐ EXPEDITE
☐ Hearing is set:
Date: _____
Time: _____
Judge/Calendar: _____

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY

QUENTIN M. PARKER and KATHERINE R.
PARKER, husband and wife and the marital
community thereof,

                        Plaintiffs,

      vs.

THE STATE OF WASHINGTON;
WASHINGTON STATE PATROL; CARLOS
RODRIGUEZ, in his individual and official
capacities; KRISTI POHL, in her individual and
official capacities; DARRELL NOYES, in his
individual and official capacities; TRAVIS
CALTON, in his individual and official
capacities; MAURICE RINCON, in his individual
and official capacities; WILLIAM STEEN, in his
individual and official capacities; JAMES
TAYLOR, in his individual and official
capacities; CITY OF OLYMPIA, a municipality,
AARON FICEK, in his individual and official
capacities; OPERATION UNDERGROUND
RAILROUND, INC., a foreign non-profit
corporation, THURSTON COUNTY, a
municipality and subdivision of the State of
Washington, and SHAWN HORLACHER, former
Thurston County Deputy Prosecutor, in his
individual and official capacities; JOHN DOE
AND JANE DOE 1-10, et.al.

                        Defendants.

Case No:   21-2-00214-34

COMPLAINT FOR DAMAGES

Complaint for Damages  1

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

**COMES NOW** the plaintiff, QUENTIN M. PARKER AND KATHERINE R. PARKER, husband and wife and the marital community composed thereof, by and through their attorney, HAROLD KARLSVIK, Attorney at Law, and for federal and state claims against the defendants, allege and complain as follows:

## I.  INTRODUCTION

1.1     Quentin M. Parker is a 32-year-old man who enlisted in the United States Army on/or about July 1, 2015.  Mr. Parker's intent was to establish a lifelong career serving and protecting his country.  At the time of these alleged cause of actions, Mr. Parker was an active-duty solider stationed at the Joint Base Lewis McChord in the State of Washington. Katherine Parker, his wife is his sole dependent.

1.2     The State of Washington allowed Washington State Patrol Detective(s) Carlos Rodriguez, Kristi Pohl, Darrell Noyes, Travis Calton, Maurice Rincon, William Steen, James, Taylor and other enforcement personnel to conduct rogue "Net Nanny" sting operations throughout the state under the Missing and Exploited Children's Task Force, hereafter (MECTF).

1.3     The Washington State Patrol task force (MECTF) partnered with Operation Underground Railroad, Inc., a private non-profit group anchored out of the State of Utah, conducting business throughout 25 states including Washington and the state of California.

1.4     Detective Sergeant Carlos Rodriguez, on the behalf of the Washington State Patrol and his (MECTF) team partnered with the Operation Underground Railroad, and other law enforcement agencies to run an unfettered operation of entrapping, arresting and maliciously prosecuting men, specifically Mr. Parker, throughout the state of Washington.

Complaint for Damages  2

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

1.5    Once these men were arrested, the Washington State Patrol, Detective Sergeant Rodriguez and the Operation Underground Railroad went on a public campaign to discredit and slander the accused by calling them "Dangerous Sexual Predators who targeted Children" prior to any convictions of the alleged crimes that were created in the minds of law enforcement.

1.6    The Washington State Patrol and the Operation Underground Railroad continued to post and/or leave slanderous statements posted about defendants even after several defendants were acquitted or cases were dismissed by county prosecutors.

1.7    Due to the actions of the defendants, Mr. Parker was arrested, charged, and maliciously prosecuted in Thurston County, Washington for seeking and responding to a social media ad offering the **legal activity of (DDLG)** a form of KINK, an acceptable alternative lifestyle among consenting adults.

1.8    All defendants knew or should have known that by allowing the Net Nanny Sting Operation to cast such a wide unchecked, unfettered "net" that innocent citizens of the State of Washington could and would be entrapped in their haste to boost the taskforce arrest numbers.

1.9    These bolstered arrest numbers were utilized for the benefit of the Washington State Patrol and their taskforce partners the Operation Underground Railroad, Inc., claiming to have saved children, in efforts to increase donor support and increase donor contributions.

1.10    Innocent citizens of the State of Washington have been misled by the effort of defendants to utilize the sound bite of "raping children" as a method to eliminate any fairness to the victims that were maliciously prosecuted, and their lives destroyed by the actions of all defendants.

//

Complaint for Damages 3

Harold Karlsvik, P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

1.11    Mr. Parker was incarcerated in the Thurston County Jail, had his name posted in news releases, Washington State Patrol press release, Operation Underground Railroads' press release and online social media postings. His life and future are forever tainted and destroyed by the actions of all defendants.

## II. JURISDICTION

Plaintiffs realleges 1.1 through 1.11 and incorporates them herein by this reference.

2.1    The court has jurisdiction pursuant to RCW 2.08.010 because the plaintiff's demand exceeds $300.00.

2.2    The acts and omission given rise to the cause of action occurred in Thurston County, Washington.

2.3    Plaintiffs have filed the required tort claim for damages with defendant State of Washington, defendant Thurston County, and defendant City of Olympia.

2.4    Sixty, (60) days have elapsed since the plaintiff's filing of the above indicated claim notices in 2.3.

2.5    The jurisdiction of this Court over claims arising under 42 USC §1983 is based on Sintra, Inc. v. City of Seattle, 119 Wn.2d 1, 11, 829 P.2d 765 (2009) (Washington Courts have concurrent jurisdiction with federal courts to hear 42 USC §1983 claims).

## III. PARTIES

Plaintiffs realleges 1.1 through 2.5 and incorporates them herein by this reference.

3.1    Plaintiffs, Quentin M. Parker, and KatherineR. Parker are husband and wife, and reside within Pierce County, Washington.

//

Complaint for Damages  4

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

3.2     Defendant State of Washington is responsible for enforcing and defending the laws of the State of Washington including the Washington Constitution.

. 3.3     Defendant Carlos Rodriquez was at all times material to this Complaint an employee of the Washington State Patrol and resided in the State of Washington.

3.4     Defendant Kristi Pohl was at all times material to this Complaint an employee of the Washington State Patrol and resided in the State of Washington.

3.5     Defendant Darrell Noyes was at all times material to this Complaint an employee of the Washington State Patrol and resided in the State of Washington.

3.6     Defendant Travis Calton was at all times material to this Complaint an employee of the Washington State Patrol and resided in the State of Washington.

3.7     Defendant Maurice Rincon was at all times material to this Complaint an employee of the Washington State Patrol and resided in the State of Washington.

3.8     Defendant William Steen was at all times material to this Complaint an employee of the Washington State Patrol and resided in the State of Washington.

3.9     Defendant James Taylor was at all times material to this Complaint an employee of the Washington State Patrol and resided in the State of Washington.

3.10     Defendant Operation Underground Railroad, Inc. dba: Operation Underground Railroad at all times material to this Complaint partnered with the Washington State Patrol while conducting business as a Foreign Non-Profit in the State of Washington even after the required registration with the Washington Secretary of State had terminated. UBI No. 603-587-353 was inactive as of April 13, 2017.

//

Complaint for Damages  5

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

3.11    Defendant Operation Underground Railroad, Inc. dba: Operation Underground Railroad all times material to this Complaint registered with the California Secretary of State under Entity No. C3790974 as a Foreign Non-Profit listing its headquarters and principal office in the state of California.

3.12    Defendant Operation Underground Railroad, Inc. dba: "Underground Railroad Project, The" at all times material to this Complaint registered with the Utah Secretary of State under Entity No. 8791496-0140 as a Domestic Non-Profit.

3.13    At all times material to this Complaint, Defendant Operation Underground Railroad, et.al, its employees and/or agents were acting within the scope of their employment and for the benefit of the non-profit Operation Underground Railroad, Inc., Underground Railroad, and Underground Railroad Project, The.

3.14    Defendant Thurston County is a municipal corporation and subdivision of the State of Washington located.  At all times material to this Complaint, defendant Shawn Horlacher was an employee and/or agent of Thurston County acting within the scope of his employment as a Thurston County Deputy Prosecutor.

3.15    Defendant City of Olympia is a municipal corporation located in the Thurston County, Washington State.  At all times material to this Complaint, defendant Officer Aaron Ficek was an employee and/or agent of defendant City of Olympia, acting within the scope of his employment as a City of Olympia police officer.

3.16    Plaintiff alleges that at all times material to this Complaint, defendant State of Washington, defendant Thurston County, defendant Operation Underground, etal, and defendant City of Olympia, are vicariously liable for each of their employees.

Complaint for Damages  6

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

3.17   All acts alleged and complained of occurred in THURSTON COUNTY, within the Western District of Washington.

## IV.   FACTS

Plaintiffs realleges 1.1 through 3.17 and incorporates them herein by this reference.

4.1   Washington State Patrol Detective Sergeant (Sgt.) Carlos Rodriquez was the supervising detective of the Missing and Exploited Children's Task Force (MECTF).

4.2   The MECTF task force was created to provide back-up assistance to law enforcement agencies investigating sexual exploitation crimes against children.

4.3   Under the MECTF unit Detective Sergeant (Sgt.) Carlos Rodriquez created the Net Nanny Sting Operation with its first sting conducted in 2015 termed Net Nanny 1.

4.4   The Net Nanny sting operation utilized Washington State Patrol Detectives, Troopers and enlisted other law enforcement personnel from federal and local jurisdictions.

4.5   The undercover scheme was to create ads in adult social media websites by creating profiles of adult women to include their age and photographs to meet the terms and conditions of the social medial website.

4.6   The MECTF team would utilize creative trained techniques to evade the rules and walk a tight line between a ruse and all-out entrapment by luring unsuspecting men off the social media platform to private text messaging with an undercover officer.

4.7   This luring allowed the MECTF team to talk dirty and use suggestive language in effort to entrap men into saying and doing things that they might not otherwise say or do.

4.8   The primary focus was to increase arrest numbers under the selling "sound-bite" that the MECTF proactive sting operations were "***saving children from being raped***", but the reality

Complaint for Damages 7

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

was that the Washington State Patrol and their partnership with the Operation Underground

Railroad, Inc. et.al was increasing over-time income for law enforcement and playing on the tear

strings of Operation Underground Railroad, Inc's donors.

4.9     After each Net Nanny Sting Operation, the Washington State Patrol and Operation

Underground Railroad Inc., et.al would grab the airways and broadcast to the public and donors

about what a good job they had done arresting these men and saving these "fictious children" to

increase donations and fund more overtime for all involved law enforcement personnel.

4.10    In February 2019, Detective Sgt. Carlos Rodriquez, MECTF, and City of Olympia

Officer Aaron Ficek conducted Operation Net Nanny 15 utilizing the SKOUT social media

platform.

4.11    Detective Sgt. Rodriquez created a fictitious profile account under the username

"Rowdy Rhonda720". The profile advertisement indicated that she was interested in "men and

women."

4.12    The ad stated the following:

> "New in town. Single mom.  I have three girls to share.
> Looking for like-minded people that are into
> ddlg/incest/young taboo.  No curious wanted, Only
> serious. Young fun. Taboo".

4.13    According to the Urban Dictionary, "dd/lg" is defined as "Daddy Dom / Little Girl.

DDLG, or dd/lg, is a relationship in which one person is the caregiver or "daddy" and the other is

childlike. **It is NOT a relationship between an actual father and daughter or any minor**

**child.**

//

Complaint for Damages  8

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

4.14    DDLG is a sub-form of BDSM and KINK relationships that may or may not involve sex, but often involves play with child-like things, such as stuffed animals, bed-time stories, and spankings. The "lg" part of the relationship is often called the "little". A simple and quick internet search demonstrates that this is the preeminent definition of DDLG.

4.15    It is widely known in the DDLG, BDSM and KINK community that DDLG does not mean "daddy daughter little girl" and has absolutely nothing to do with sexual exploitation of children. DDLG stands for "daddy Dom little girl", which is a known role-playing experience among consenting adults.

4.16    Detective Sgt. Carlos Rodriguez was aware of this definition and alternative lifestyle prior to placing the "Rowdy Rhonda720" ad. He was aware that DDLG was a term used for lawful activity of DDLG within the KINK community in the State of Washington.

4.17    Detective Sgt. Carlos Rodriguez and Detective Kristi Pohl in an under compacity communicated with Mr. Parker in the SKOUT platform and private test messages utilizing terms and scenarios consistent with DDLG role play. Both Detectives had utilized similarly language in previous Net Nanny Sting Operations and knew that a person responding to the undercover ad may have a different understanding then the crime created in the mind of law enforcement.

4.18    During the State vs. Quentin Parker defense interview of Detective Sgt. Rodriguez stated and confirmed that he knew DDLG was legal in the state of Washington and did absolutely no follow-up to protect Mr. Parker from being wrongfully arrested and maliciously prosecuted.

4.19    On February 17, 2019, Defendant Quentin M. Parker responded to the SKOUT social media profile seeking to learn more about DDLG role playing between consenting adults. Mr.

Complaint for Damages  9

Parker responded to the ad created and posted by Detective Sgt. Carlos Rodriguez. Mr. Parker's

SKOUT profile page states that he is interested in "women" and he was looking for "friends,

flirting, fun and chat." Mr. Parker continued to text with Detective Kristi Pohl.

4.20    Detective Sgt. Rodriguez admitted that he had erased all but the last SKOUT

messages between himself and Mr. Parker during an active criminal investigation. He did not

include this information in his written report in State vs. Quentin Parker.

4.21    Detective Sgt. Rodriguez claimed to have no recollection of the substance of the

missing conversations. He further stated that he had told Detective Pohl that he had deleted the

messages, but when Detective Pohl was interviewed, she made no such assertion.

4.22    Detective Sgt. Rodriguez stated that Mr. Parker's criminal case was not the only Net

Nanny Sting Operation case where he had deleted text message communications.

4.23    Mr. Parker agreed to meet with RowdyRhonda 720, who he believed to be engaging

in DDLG with an adult female and other adult female in a role playing and safe environment.

4.24    Instead, when Mr. Parker reached the location of the residence, he was invited into

the house only to be greeted with excessive force by Washington State Patrol Trooper Travis

Calton, Trooper Maurice Rincon, Trooper William Steen, and Trooper James Taylor of the arrest

team. The arrest team was heavily armed and dressed as a swat or armed forces team with

multiple guns and lights pointed directly at Mr. Parker.

4.25    Mr. Parker was arrested and taken to a Washington State Patrol office and

interrogated for almost (3) hours by Washington State Patrol Detective Darrell Noyes, and City

of Olympia Officer Aaron Ficek.

Complaint for Damages  10

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

4.26    During the audio and video recorded interrogation, Mr. Parker repeatedly told both Detective Noyes and Officer Ficek that he was responding to an advertisement profile for DDLG and that it pertained to all consenting adult role playing a form of age regression and no actual children were involved.

4.27    Mr. Parker even was able to get both Detective Noyes and Officer Ficek to look up the term DDLG and they confirmed that the "urban dictionary" was consistent with what Mr. Parker had been telling them throughout out the entire interrogation.

4.28    Detective Noyes and Officer Ficek knew that they did not have probable cause to arrest Mr. Parker, and they did absolutely nothing to protect Mr. Parker from being falsely arrested and maliciously prosecuted.  They knew he was innocent but did nothing to make sure that Mr. Parker was not wrongfully caught within the wide Net Nanny Net cast by the Washington State Patrol, Detective Sgt. Carlos Rodriguez, and MECTF.

4.29    Mr. Parker was arrested and charged in Thurston County Superior court with Attempted Rape of a Child in the First Degree (2 counts) and one count of attempted Rape of a Child in the Second Degree.

4.30    The Washington State Patrol investigative reports presented to the Thurston County Prosecutor's office were untruthful, excluded exculpatory evidence and violated Washington State Patrol written policy.

4.31    Former Thurston County Deputy Prosecutor Shawn Horlacher declared under penalty of perjury in the probable cause statement that he personally had read all of the police reports regarding the alleged charges against Mr. Parker.

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

4.32    Deputy Prosecutor Shawn Horlacher had a duty and obligation to make an independent judgment based upon the case facts.

4.33    Deputy Prosecutor Shawn Horlacher either was untruthful and did not read the police reports prior to charging Mr. Parker, or he intentional or negligently failed to investigate into the fact that the Washington State Patrol **advertised DDLG which is legal in Washington State** and Mr. Parker responded and showed up for DDLG among consenting adults and therefore no probable cause existed to charge Mr. Parker with any crime.

4.34    Once Mr. Parker was arrested, the Washington State Patrol, Detective Sergeant Rodriguez and the Operation Underground Railroad went on a public campaign to discredit and slander his name by calling Mr. Parker a "Dangerous Sexual Predators who targeted Children" prior to Mr. Parker being adjudicated through the courts with a conviction.

4.35    The Washington State Patrol and the Operation Underground Railroad continue to as of the date of the filing of this Complaint have slanderous statements posted about Mr. Parker being a Dangerous Sexual Predator who targeted Children even though all charges against him were later dismissed by the Thurston County Prosecuting Attorney's Office.

## V.    FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983--Illegal Seizure and Arrest and Monell claims)

Plaintiffs realleges 1.1 through 4.35 and incorporates them herein by this reference.

5.1.    Plaintiff Quentin Parker has been deprived of his right to be free from illegal searches and seizures, in violation of the Fourth Amendment of the United States Constitution, under color of state law, in violation of 42 U.S.C. § 1983. The Defendants Carlos Rodriguez, Kristi Pohl, Darrell Noyes, Travis Calton, Maurice Ricon, William Steen, James Taylor, and Aaron

Complaint for Damages  12

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

Ficek actions toward Mr. Quentin Parker violated Mr. Parker's constitutional rights guaranteed against state incursion by the Fourth and Fourteenth Amendments of the United States Constitution due to the unreasonable seizure of his person.

5.2    The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others for which an award of punitive damages is warranted.

5.3    At all times herein mentioned, the City of Olympia had a mandatory duty of care to hire properly and adequately, train, retain, supervise, and discipline officer Aaron Ficek so as to avoid unreasonable risk of harm to its citizens.  With deliberate indifference, the City of Olympia failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights.  Officer Ficek, whose conduct is described above did not know what constitutes probable cause to arrest a citizen because of inadequate training.

5.4    By virtue of the facts set forth above, and as a result of its policies, practices, customs, and usages, the city of Olympia caused Mr. Parker to be deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, specifically the rights to be free from unreasonable seizures of his person and excessive force.

## VI.  SECOND CLAIM FOR RELIEF
### (42 United States Code §1983 -- Unnecessary Force)

Plaintiffs realleges 1.1 through 5.4 and incorporates them herein by this reference.

6.1    The actions of defendants Washington State Patrol Troopers Travis Calton, Maurice Rincon, William Steen and James Taylor and each of them in pointing their guns at Plaintiff Quentin Parker and in threatening to shoot Mr. Parker deprived him of his constitutional right to

Complaint for Damages  13

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

be free from summary punishment and excessive force and deprived him of his Fourth Amendment rights, under color of state law and in violation of 42 USC §1983.

6.2    Defendants and each of them subjected Plaintiff Quentin Parker to such deprivations by malice and/or a reckless and conscious disregard of plaintiffs' statutory and constitutional rights for which an award of punitive damages is warranted.

6.3    The direct and proximate result of each defendants' acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering, and emotional distress, and has had to incur medical and legal expenses.    The conduct of each individually named and/or unidentified officer was done in reckless and conscious disregard of the pain and suffering it was bound to inflict upon Plaintiffs for which an award of punitive damages is mandated against each individual officer.

## VII.  THIRD CLAIM FOR RELIEF
### (42 United States Code §1983 -- Failure to Prevent Civil Rights Violation)

Plaintiffs realleges 1.1 through 6.3 and incorporates them herein by this reference.

7.1    The actions of defendant Washington State Patrol Troopers Travis Calton, Maurice Rincon, William Steen and James Taylor  and each of them in watching their fellow officers use unreasonable force against Plaintiff and having the opportunity to intervene to prevent the violation of plaintiff's constitutional rights, and failing to attempt to stop it, deprived Plaintiff of his constitutional right to be free from the use of excessive force and freedom from summary punishment, under color of state law and in violation of 42 USC §1983.

7.2    Defendants and each of them, subjected Plaintiff to such deprivation by malice and/or a reckless and conscious disregard of his rights.

Complaint for Damages  14

7.3    The direct and proximate result of each defendant's acts is that Plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, and was deprived of his physical liberty and has had to incur medical and legal expenses. The conduct of defendant officers, and each of them, was done in reckless and conscious disregard of the pain and suffering their fellow officers were inflicting upon plaintiff, for which an award of punitive damages is mandated against each individually named officer.

## VIII. FOURTH CLAIM FOR RELIEF
### (42 United States Code §1983 -- Judicial Deception)

Plaintiffs realleges 1.1 through 7.3 and incorporates them herein by this reference.

8.1    Defendants Detective Sgt. Carlos Rodriguez, Detective Kristi Pohl, Trooper Travis Calton, Maurice Rincon, William Steen and James Taylor made deliberate falsehoods and acted with disregard for the truth in submitting official sworn reports to the Thurston County Prosecuting Attorney.

8.2    Detective Sgt. Carlos Rodriguez, Detective Kristi Pohl, Trooper Travis Calton, Maurice Rincon, William Steen and James Taylor acts establish that, but for the dishonesty and omissions in their reports, the criminal charges against Plaintiff Quentin Parker would not have occurred.

8.3    Detective Sgt. Carlos Rodriguez, Detective Kristi Pohl, Trooper Travis Calton, Maurice Rincon, William Steen and James Taylor acts violated Quentin Parker's rights protected by United States Constitution, acting under color of state law and in violation of 42 USC §1983.

8.4    As a direct and proximate result of the acts of defendants as complained of herein, Plaintiff suffered great and grievous emotional anguish and loss of freedom and liberty and continues to suffer emotional anguish. Plaintiffs incurred legal expenses in defending against the prosecution and in obtaining his freedom in amount to be proven at trial.

Complaint for Damages  15

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

### IX. FIFTH CLAIM FOR RELIEF

#### (State Law Claim -- Malicious Prosecution)

Plaintiffs realleges 1.1 through 8.4 and incorporates them herein by this reference.

9.1     Said prosecution of the Plaintiff Quentin Parker was instituted by defendants without probable cause for the institution or continuation of the proceedings. The facts observed by defendants prior to arresting Plaintiff and the matters known to defendants before the instituting of the aforementioned prosecution would not have warranted a reasonable person to believe that any criminal offense had been committed by Plaintiff.

9.2     The proceedings were instituted and continued through malice and were abandoned by the State.

9.3     Detective Sgt. Carlos Rodriguez, Detective Kristi Pohl, Trooper Travis Calton, Maurice Rincon, William Steen and James Taylor acted with malice in drafting and false joint certifying official police reports which they knew to be false, incomplete and containing misleading information. All defendants acted with implied malice by arresting Plaintiff without probable cause.

9.4     By reason of the above, Plaintiffs have been brought into public scandal, disrepute and disgrace, and their ability to function properly has been greatly hindered, causing them to suffer emotional trauma and harm.

9.5     As a direct and proximate result of the acts of defendants as complained of herein, Plaintiff suffered great and grievous emotional anguish and loss of freedom and liberty and continues to suffer emotional anguish.  Plaintiffs incurred legal expenses in defending against the prosecution and in obtaining his freedom in amount to be proven at trial.

Complaint for Damages  16

# X. SIXTH CLAIM FOR RELIEF

## (State Law Claim -- Intentional Infliction of Emotional Distress (Outrage))

Plaintiffs realleges 1.1 through 9.5 and incorporates them herein by this reference.

10.1.   The defendants' conduct was intentional, extreme, and outrageous, and caused Plaintiffs severe emotional distress.

10.2   Defendants' actions and material omissions intentionally and recklessly inflicted distress on Plaintiffs, and caused severe emotional distress.

10.3   Defendants' conduct was extreme and outrageous, and the distress inflicted upon plaintiffs was so severe that no reasonable person could be expected to endure it.

10.4   Defendants' behavior was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and is atrocious and utterly intolerable in a civilized society.

10.5   As a direct and proximate result of the acts of defendants as complained of herein, Plaintiff suffered great and grievous emotional anguish and loss of freedom and liberty and continues to suffer emotional anguish.  Plaintiffs incurred legal expenses in defending against the prosecution and in obtaining his freedom in amount to be proven at trial.

# XI. SEVENTH CLAIM FOR RELIEF

## (State Law Claim -- Negligent Infliction of Emotional Distress)

Plaintiffs realleges 1.1 through 10.5 and incorporates them herein by this reference.

11.1.   Defendants negligently inflicted emotional distress upon Plaintiffs by breaching duties owed to Plaintiffs, and such breaches proximately causing Plaintiffs harm and injury in the form of emotional distress.

Complaint for Damages  17

11.2.  The emotional distress proximately caused by Defendants and suffered by Plaintiffs is within the scope of foreseeable harm of Defendants' negligent conduct.

11.3.  The distress suffered by Plaintiffs is a reasonable reaction given the circumstances presented herein.

11.4  Plaintiffs has manifested objective symptomology of the emotional distress suffered as a proximate result of the conduct, actions, and material omissions by Defendants.

11.5  As a direct and proximate result of the acts of defendants as complained of herein, Plaintiff suffered great and grievous emotional anguish and loss of freedom and liberty and continues to suffer emotional anguish.  Plaintiffs incurred legal expenses in defending against the prosecution and in obtaining his freedom in amount to be proven at trial.

## XII. EIGHT CLAIM FOR RELIEF
### (State Law Claim -- False Arrest)

Plaintiffs realleges 1.1 through 11.5 and incorporates them herein by this reference.

12.1    Defendants caused Mr. Parker to be unlawfully restrained and imprisoned.

12.2.   Defendants unlawfully violated Mr. Parker's right of personal liberty.

12.3    Mr. Parker was restrained, imprisoned, and deprived of his liberty and freedom to remain in the place of his lawful choice.

12.4    Defendants participated in the unlawful arrest.  Defendants procured and instigated the unlawful arrest and detention of Mr. Parker and did so by taking an active part in bringing about the unlawful arrest and detention of Mr. Parker by affirmative direction, persuasion, request, and voluntary participation.

12.5  The actions and material omissions by Defendants, and each of them, directly and proximately caused injury and damages to Mr. Parker in an amount to be proved at trial.

Complaint for Damages  18

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

## XIII.   NINTH CLAIM FOR RELIEF

### (State Law Claim -- Negligence)

Plaintiffs realleges 1.1 through 12.5 and incorporates them herein by this reference.

13.1  Defendants had a duty to ensure that Mr. Parker's constitutional rights were not violated and that he was not injured by their investigation and prosecution efforts, and any reports or other discovery was valid, did not contain false information, and did not omit material information, to include potential exculpatory evidence.

13.2   Defendants had a duty to ensure that the police reports being executed were valid, did not contain false information, and did not omit material information.

13.3   Defendant's breached their duties owed to plaintiffs.

13.4   The actions and material omissions by Defendants, and each of them, directly and proximately caused injury and damages to plaintiffs in an amount to be proved at trial.

## XIV. TENTH CLAIM FOR RELIEF

### (State Law Claim -- Defamation)

Plaintiffs realleges 1.1 through 13.4 and incorporates them herein by this reference.

14.1    Defendants Washington State Patrol, Detective Sgt. Rodriguez, and Defendant Operation Underground Railroad, et.al., posted press releases on their individual web pages. The press releases listed Plaintiff Quentin Parker by name and referred to him as a "Dangerous Sexual Predators who targeted Children".

14.2. The press release at issue contained false statements, was an unprivileged communication, was the fault of Defendant's Washington State Patrol, Rodriguez and Operation Underground Railroad, et.al., and was the proximate cause of plaintiffs' damages.

Complaint for Damages  19

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

14.3   The slanderous press releases by Defendants Washington State Patrol and Operation Underground Railroad was seen by staff at the Madigan Army Medical Center causing Dr. Ryan Heitman, DO to suspend the fertility treatments that plaintiffs were undergoing.

14.4   The slanderous press release and public posting by Defendants Washington State Patrol and Operation Underground Railroad was seen by Jessica Benedetto who in returned on February 21, 2019 at 8:41 pm sent a hateful and harassing Facebook message to plaintiff Katherine Parker.

14.5   As a proximate cause of defendants' actions Plaintiffs' reputation has been destroyed by the press releases and has caused emotional distress in an amount to prove at trial.

## XV. ELEVENTH CLAIM FOR RELIEF
### (State Law Claim -- Abuse of Process)

Plaintiffs realleges 1.1 through 14.5 and incorporates them herein by this reference.

15.1   Defendants, and each of them, misused and misapplied a legal process for an end which the process was not designed to accomplish.

15.2   Defendants' misuse and misapplication of legal processes was done maliciously and for a collateral objective, and with an ulterior purpose to cause the unlawful and unreasonable arrest, imprisonment and prosecution of Mr. Parker, and to violate his constitutional rights.

15.3   Defendants had an ulterior purpose to accomplish an object not within the proper scope of legal process and committed acts and material omissions in the use of legal process not proper in the regular prosecution of the proceedings.

15.4   Defendants misused the judicial system's process to achieve an inappropriate end causing harm and injury to Mr. Parker, and violate his federal rights, to include unreasonable and unlawful arrest and imprisonment, harassment and coercion.

Complaint for Damages  20

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

15.5  The actions and material omissions by Defendants, and each of them, directly and proximately caused injury and damages to Mr. Parker in an amount to be proved at the time of trial.

## XVII.  PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that the Court:

1.  Compensatory damages;

2.  Punitive damages from the individual defendants on Plaintiffs' claims under 42 U.S.C. section 1983;

3.  Costs, including reasonable attorneys' fees under 42 U.S.C. section 988 and to the extent otherwise permitted by law;

4.  Such other relief as may be just and equitable.

5.  Award actual, special, compensatory, and general damages to plaintiffs;

6.  Order punitive damages against the individual defendants, all of whom are being sued in their individual capacities as well as their official capacities;

7.  Award attorney's fees and costs to the prevailing plaintiff; and

For such other and further relief as is just and equitable.

**DATED**  this  15th day of February, 2021.

HAROLD KARLSVIK, WSBA # 23026
Attorney for Plaintiff

Complaint for Damages  21

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## VERIFICATION

I, **Quentin M. Parker** plaintiff above named, being duly sworn, say as follows:

I have read the foregoing complaint and know the contents thereof, and the same is true of my own knowledge.

**DATED** this 15 day of February 2021.

Quentin M. Parker

## VERIFICATION

I, **Katherine R. Parker** plaintiff above named, being duly sworn, say as follows:

I have read the foregoing complaint and know the contents thereof, and the same is true of my own knowledge.

**DATED** this 15 day of February 2021.

Katherine R. Parker

Complaint for Damages  22

Harold Karlsvik. P.S.
P.O. Box 292
South Bend, WA 98586
1 (360) 942-4612