| | |
|---|---|
| Clifford S. Davidson, WSBA 48313<br>csdavidson@swlaw.com<br>Lea K. Schneider, WSBA 56471<br>lschneider@swlaw.com<br>SNELL & WILMER L.L.P.<br>2018 156th Avenue NE, Suite 100<br>Bellevue, WA 98007<br>T: (425) 748-5055<br>F: (503) 624-6888<br>     Attorneys for Defendant Operation<br>     Underground Railroad, Inc. | The Honorable Benjamin H. Settle |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| QUENTIN M. PARKER and KATHERINE R. PARKER, husband and wife and the marital community thereof,<br><br>                    Plaintiffs,<br><br>     v.<br><br>THE STATE OF WASHINGTON; WASHINGTON STATE PATROL; CARLOS RODRIGUEZ, in his individual and official capacities; KRISTI POHL, in her individual and official capacities; DARRELL NOYES, in his individual and official capacities; TRAVIS CALTON, in his individual and official capacities; MAURICE RINCON, in his individual and official capacities; WILLIAM STEEN, in his individual and official capacities; JAMES TAYLOR, in his individual and official capacities; CITY OF OLYMPIA, a municipality; AARON FICEK, in his individual and official capacities; OPERATION UNDERGROUND RAILROAD, INC., a foreign non-profit corporation; THURSTON COUNTY, a municipality and subdivision of the State of Washington; SHAWN HORLACHER, a former Thurston County Deputy Prosecutor, in his individual and official capacities; JOHN DOE AND JANE JOE 1-10, et al.,<br><br>                    Defendants. | Case No. 3:21-cv-05258-BHS<br><br>ANSWER OF DEFENDANT OPERATION UNDERGROUND RAILROAD, INC.<br><br>JURY DEMAND |

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 1
CASE NO. 3:21-CV-05258-BHS

Defendant Operation Underground Railroad ("O.U.R."), for itself and no other defendant, answers the Complaint, and asserts affirmative defenses, as follows:

**RESPONSES TO INTRODUCTION**

1. Admit based on public information that Mr. Parker was an active-duty servicemember stationed at Joint Base Lewis-McChord at the time he was arrested and charged with attempting to have sex with minors. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph 1.1.

2. Admit that the State of Washington, through the Missing and Exploited Children's Task Force ("MECTF"), has conducted "Net Nanny Operations." Admit that O.U.R. is familiar with Rodriguez and his connection to MECTF and Net Nanny Operations. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph 1.2.

3. Admit that O.U.R. works with MECTF, and that O.U.R. is a Utah nonprofit corporation that has performed work throughout the United States including in Washington and California. Except as expressly admitted, O.U.R. denies the allegations of paragraph 1.3.

4. Admit that O.U.R. interfaced with Rodriguez as a member of the MECTF team. Except as expressly admitted, O.U.R. denies the allegations of paragraph 1.4.

5. Admit that O.U.R. reprinted on its blog abbreviated versions of Washington State Patrol's ("WSP") press releases concerning Net Nanny Operations that O.U.R. supported through donations. Except as expressly admitted, O.U.R. denies the allegations of paragraph 1.5.

6. Admit that O.U.R. did not revise its blog post concerning the Net Nanny Operation resulting in Mr. Parker's arrest until O.U.R. was served with the complaint in this action—at which time, O.U.R learned for the first time that the charges against Mr. Parker were dismissed. O.U.R has since updated the blog post to reflect this dismissal. Plaintiff at no point requested O.U.R. to correct or clarify the blog post prior to filing the lawsuit. Except as expressly admitted, O.U.R. denies the allegations against it contained in paragraph 1.6. As to allegations

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 2
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington  98007
425.748.5055

against others, no response from O.U.R. is required.

7. Deny with respect to O.U.R. To the extent paragraph 1.7 alleges acts or omissions by others, no response is required.

8. Deny with respect to O.U.R. To the extent paragraph 1.8 alleges acts or omissions by others, no response is required.

9. Deny with respect to O.U.R. To the extent paragraph 1.9 alleges acts or omissions by others, no response is required.

10. Deny with respect to O.U.R. To the extent paragraph 1.10 alleges acts or omissions by others, no response is required.

11. O.U.R. lacks knowledge or information about the truth of the allegation as to Mr. Parker's custody status and on that basis denies the first sentence of paragraph 1.11. Admit that Mr. Parker's name appeared on O.U.R.'s blog post summarizing the WSP's account of the February 2019 Net Nanny Operation that resulted in his arrest. Except as expressly admitted, O.U.R. denies the allegations of paragraph 1.11.

## RESPONSES TO JURISDICTION

O.U.R. realleges its prior responses as though set forth here in full.

12. Admit that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and that this action was appropriately removed pursuant to 28 U.S.C. §§ 1441 and 1446.

13. Admit based on public records that the arrest, charging and prosecution of Mr. Parker occurred in Thurston County, Washington. Except as expressly admitted, O.U.R. denies the allegations of paragraph 2.2.

14. O.U.R lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2.3.

15. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2.4.

16. Paragraph 2.5 states a legal conclusion to which no response is required.

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 3
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington 98007
425.748.5055

**RESPONSES TO PARTIES**

O.U.R. realleges its prior responses as though set forth here in full.

17. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.1.

18. Paragraph 3.2 states a legal conclusion to which no response is required.

19. Admit paragraph 3.3 based on information and belief.

20. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.4.

21. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.5.

22. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.6.

23. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.7.

24. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.8.

25. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.9.

26. Admit that O.U.R. made a $5,000 donation in support of the February 2019 Net Nanny Operation. Admit that O.U.R's Secretary of State registration in Washington has been inactive since April 13, 2017. Except as expressly admitted, O.U.R. denies the allegations of paragraph 3.10.

27. Admit paragraph 3.11.

28. Admit paragraph 3.12.

29. Admit that O.U.R. donated $5,000 in support of the February 2019 Net Nanny Operation, and posted to its blog a shortened version of WSP's press release about that Net

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 4
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington  98007
425.748.5055

Nanny Operation. That was the extent of O.U.R.'s involvement in the February 2019 Net Nanny Operation. O.U.R. denies the allegations of paragraph 3.13 as those allegations are vague and non-specific as to the activities that O.U.R.'s employees are alleged to have performed "within the scope of their employment," and do not identify a single O.U.R. employee alleged to have acted unlawfully. O.U.R. reserves the right to amend this response if this allegation is clarified.

30. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.14.

31. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.15.

32. The allegations of paragraph 3.16 state a legal conclusion to which no response is required. Furthermore, O.U.R. denies the allegations of paragraph 3.16 as those allegations are vague and non-specific as to the acts or omissions for which O.U.R is "vicariously liable for each of [its] employees," and do not identify a single O.U.R. employee alleged to have enacted unlawfully. O.U.R. reserves the right to amend this response in the event that this allegation is clarified. Finally, the phrase "are vicariously liable for each of their employees" is vague and ambiguous, and therefore unintelligible, because it is unclear what the antecedent of "their" is. In any event, O.U.R. denies any liability whatsoever—vicarious or otherwise.

33. Admit based on public records that the arrest, charging and prosecution of Mr. Parker occurred in Thurston County, Washington. Except as expressly admitted, O.U.R. denies the allegations of paragraph 3.17.

**RESPONSES TO PURPORTED FACTS**

O.U.R. realleges its prior responses as though set forth here in full.

34. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.1.

35. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.2.

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 5
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington 98007
425.748.5055

36. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.3.

37. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.4.

38. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.5.

39. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.6.

40. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.7.

41. Deny with respect to O.U.R.

42. Admit that O.U.R. reprinted on its blog the majority of WSP's press release concerning the February 2019 Net Nanny Operation. Admit that O.U.R. has publicized through its blog other WSP operations that O.U.R. has supported through donations. Except as expressly admitted, O.U.R. denies the allegations of paragraph 4.9.

43. Admit that MECTF and other government actors conducted Net Nanny Operation 15 in February 2019. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph 4.10.

44. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.11.

45. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.12.

46. The website Urban Dictionary speaks for itself. O.U.R. otherwise denies the allegations of paragraph 4.13.

47. Internet search results speak for themselves. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.14.

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 6
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington  98007
425.748.5055

1    48.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
2  of the allegations of paragraph 4.15.

3    49.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
4  of the allegations of paragraph 4.16.

5    50.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
6  of the allegations of paragraph 4.17. Moreover, the allegations of that paragraph are
7  unintelligible to the extent they refer to "in an under compacity."

8    51.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
9  of the allegations of paragraph 4.18.

10   52.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
11 of the allegations of paragraph 4.19.

12   53.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
13 of the allegations of paragraph 4.20.

14   54.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
15 of the allegations of paragraph 4.21.

16   55.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
17 of the allegations of paragraph 4.22.

18   56.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
19 of the allegations of paragraph 4.23.

20   57.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
21 of the allegations of paragraph 4.24.

22   58.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
23 of the allegations of paragraph 4.25.

24   59.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth
25 of the allegations of paragraph 4.26.

26   60.    O.U.R. lacks knowledge or information sufficient to form a belief about the truth

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 7
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington  98007
425.748.5055

of the allegations of paragraph 4.27.

61. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.28.

62. Admit the allegations of paragraph 4.29 based on court records, which speak for themselves.

63. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.30.

64. Admit the allegations of paragraph 4.31 based on court records, which speak for themselves.

65. The allegations of paragraph 4.32 comprise a legal conclusion to which no response is required.

66. O.U.R. lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.33.

67. Admit that on or about February 26, 2019, O.U.R. posted a blog entry, attached hereto as Exhibit A, listing Mr. Parker as someone who had been arrested as part of the Net Nanny Operation in Thurston County.[1] Exhibit A speaks for itself. Exhibit A is an abridged version of WSP's press release reporting on the February 2019 Net Nanny Operation. O.U.R.'s investigation continues, but it believes the organization published no further public communications about Mr. Parker. Admit based on public documents that the charges against Mr. Parker were dismissed—something O.U.R. did not know until Plaintiffs served their lawsuit. As reflected in Exhibit B, O.U.R. has updated its blog entry to reflect that dismissal. Except as otherwise expressly admitted, O.U.R. denies the allegations of paragraph 4.34 that are alleged

---

[1] To view the blog post as it appeared two days after it was posted to the O.U.R. website, please visit https://web.archive.org/web/20190228021606/https://ourrescue.org/blog/operation-net-nanny-22-arrests-in-thurston-county/. As alleged in other portions of this Answer, O.U.R updated the blog entry on April 20, 2021 to reflect the dismissal of the criminal charges against Mr. Parker. The current version of the blog post is available at https://ourrescue.org/blog/operation-net-nanny-22-arrests-in-thurston-county/.

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 8
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington 98007
425.748.5055

1  against O.U.R.

2  68. Admit based on public sources that the charges against Mr. Parker were dismissed. Admit that O.U.R. changed the blog post to reflect the dismissal of the charges against Mr. Parker once his counsel provided evidence of dismissal—which he did only after the Complaint was filed. Except as otherwise expressly admitted, O.U.R. denies the allegations of paragraph 4.35 that are alleged against O.U.R.

**RESPONSES TO FIRST CLAIM FOR RELIEF**

O.U.R. realleges its prior responses as though set forth here in full.

69. Deny to the extent paragraph 5.1 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

70. Deny to the extent paragraph 5.2 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

71. Deny to the extent paragraph 5.3 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

72. Deny to the extent paragraph 5.4 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

**RESPONSES TO SECOND CLAIM FOR RELIEF**

O.U.R. realleges its prior responses as though set forth here in full.

73. Deny to the extent paragraph 6.1 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

74. Deny to the extent paragraph 6.2 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

75. Deny to the extent paragraph 6.3 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

**RESPONSES TO THIRD CLAIM FOR RELIEF**

O.U.R. realleges its prior responses as though set forth here in full.

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 9
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington  98007
425.748.5055

76. Deny to the extent paragraph 7.1 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

77. Deny to the extent paragraph 7.2 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

78. Deny to the extent paragraph 7.3 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

**RESPONSES TO FOURTH CLAIM FOR RELIEF**

O.U.R. realleges its prior responses as though set forth here in full.

79. Deny to the extent paragraph 8.1 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

80. Deny to the extent paragraph 8.2 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

81. Deny to the extent paragraph 8.3 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

82. Deny to the extent paragraph 8.4 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

**RESPONSES TO FIFTH CLAIM FOR RELIEF**

O.U.R. realleges its prior responses as though set forth here in full.

83. Deny to the extent paragraph 9.1 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

84. Deny to the extent paragraph 9.2 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required. Admit based on public documents that the State dismissed the charges against Mr. Parker.

85. Deny to the extent paragraph 9.3 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

86. Deny to the extent paragraph 9.4 is alleged against O.U.R. To the extent the

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 10
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington 98007
425.748.5055

1  allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

2        87.    Deny to the extent paragraph 9.5 is alleged against O.U.R. To the extent the

3  allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

4  **RESPONSES TO SIXTH CLAIM FOR RELIEF**

5      O.U.R. realleges its prior responses as though set forth here in full.

6        88.    Deny to the extent paragraph 10.1 is alleged against O.U.R. To the extent the

7  allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

8        89.    Deny to the extent paragraph 10.2 is alleged against O.U.R. To the extent the

9  allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

10       90.    Deny to the extent paragraph 10.3 is alleged against O.U.R. To the extent the

11 allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

12       91.    Deny to the extent paragraph 10.4 is alleged against O.U.R. To the extent the

13 allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

14       92.    Deny to the extent paragraph 10.5 is alleged against O.U.R. To the extent the

15 allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

16 **RESPONSES TO SEVENTH CLAIM FOR RELIEF**

17     O.U.R. realleges its prior responses as though set forth here in full.

18       93.    Deny to the extent paragraph 11.1 is alleged against O.U.R. To the extent the

19 allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

20       94.    Deny to the extent paragraph 11.2 is alleged against O.U.R. To the extent the

21 allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

22       95.    Deny to the extent paragraph 11.3 is alleged against O.U.R. To the extent the

23 allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

24       96.    Deny based on lack of information or knowledge sufficient to form a belief as to

25 the truth of the symptomology allegations of paragraph 11.4—to the extent paragraph 11.4 is

26 alleged against O.U.R. Deny that the alleged emotional distress proximately resulted from

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 11
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington 98007
425.748.5055

purported "conduct, actions, and material omissions" of O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

97. Deny to the extent paragraph 11.5 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

### RESPONSES TO EIGHTH CLAIM FOR RELIEF

O.U.R. realleges its prior responses as though set forth here in full.

98. Deny to the extent paragraph 12.1 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

99. Deny to the extent paragraph 12.2 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

100. Deny to the extent paragraph 12.3 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

101. Deny to the extent paragraph 12.4 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

102. Deny to the extent paragraph 12.5 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

### RESPONSES TO NINTH CLAIM FOR RELIEF

O.U.R. realleges its prior responses as though set forth here in full.

103. Deny to the extent paragraph 13.1 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

104. Deny to the extent paragraph 13.2 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

105. Deny to the extent paragraph 13.3 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

106. Deny to the extent paragraph 13.4 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 12
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington 98007
425.748.5055

### RESPONSES TO TENTH CLAIM FOR RELIEF

O.U.R. realleges its prior responses as though set forth here in full.

107. Admit that O.U.R. posted <u>Exhibit A</u> hereto, which speaks for itself. Deny that there was more than one O.U.R. press release. Except as otherwise expressly admitted, O.U.R. denies the allegations of paragraph 14.1 to the extent those allegations are made against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

108. Deny to the extent paragraph 14.2 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

109. Deny that <u>Exhibit A</u> was slanderous. Deny that there was more than one O.U.R. press release mentioning Mr. Parker. O.U.R. lacks information or knowledge sufficient to form a belief as to the truth of the other allegations of paragraph 14.4. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

110. Deny paragraph 14.5.

### RESPONSES TO ELEVENTH CLAIM FOR RELIEF

O.U.R. realleges its prior responses as though set forth here in full.

111. Deny to the extent paragraph 15.1 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

112. Deny to the extent paragraph 15.2 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

113. Deny to the extent paragraph 15.3 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

114. Deny to the extent paragraph 15.4 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

115. Deny to the extent paragraph 15.5 is alleged against O.U.R. To the extent the allegations of that paragraph pertain to other defendants, no response from O.U.R. is required.

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 13
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington  98007
425.748.5055

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(First Amendment – culpability and damages)

116. Exhibit A, the press release "at issue" (*see* Compl. ¶ 14.2), addressed a matter of public concern or public interest, therefore Mr. Parker must prove falsity, culpability and damages.

### SECOND AFFIRMATIVE DEFENSE

(Truth)

(In the alternative to First Affirmative Defense)

117. Exhibit A, the press release "at issue" (*see* Compl. ¶ 14.2), was truthful. Mr. Parker was, in fact, arrested during the February 2019 Net Nanny Operation. When the full context of Exhibit A is considered, the listing of Mr. Parker's name is incapable of defamatory meaning. The context makes clear that law enforcement had accused him of a crime and that the matter was yet to be resolved. By asserting this affirmative defense, O.U.R. in no way concedes that it has the burden of establishing the truth of any statement(s). Rather, this affirmative defense is alleged in the alternative to O.U.R.'s First Affirmative Defense based on the First Amendment and the existence of a public issue.

### THIRD AFFIRMATIVE DEFENSE

(Fair report privilege)

118. Through Exhibit A, the press release "at issue" (*see* Compl. ¶ 14.2), O.U.R. fairly reported the activities of law enforcement and the criminal proceeding that had been initiated against Mr. Parker. Exhibit A is almost identical to WSP's press release concerning the February 2019 Net Nanny Operation, and is an accurate or fair abridgment of WSP's official press release.

119. Further, when O.U.R. became aware through the filing of this lawsuit that the charges against Mr. Parker were dismissed, O.U.R. clarified the online version of Exhibit A to reflect the dismissal of the criminal case against Mr. Parker—further evidencing the fairness of

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 14
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington 98007
425.748.5055

the report. *See* <u>Exhibit B</u>.

## FOURTH AFFIRMATIVE DEFENSE

(No punitive damages)

120. As a matter of Washington law, punitive damages are unavailable for all claims asserted against O.U.R. to the extent those claims are based on O.U.R.'s purported defamation.

## FIFTH AFFIRMATIVE DEFENSE

(RCW 4.24.510 immunity)

121. To the extent that Plaintiffs base their claims against O.U.R. on communications between O.U.R. and any branch or agency of federal, state, or local government, and where such communications were on matters reasonably of concern to any such governmental body, O.U.R. is aimmune from liability. RCW 4.24.510.

## SIXTH AFFIRMATIVE DEFENSE

(Qualified immunity to extent 42 U.S.C. § 1983 applies to O.U.R. personnel)

122. To the extent the Court determines that O.U.R., a private actor, is subject to 42 U.S.C. § 1983 in this action, and to the extent Plaintiffs asserts claims under that statute against individual O.U.R. personnel, such claims are barred by the doctrine of qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

(First Amendment right of free expression and association)

123. To the extent Plaintiffs' claims are based on O.U.R.'s donating to the Missing and Exploited Children's Task Force in support of the February 2019 Net Nanny Operation—the only support O.U.R. provided to that operation—the First Amendment bars liability as to O.U.R.

## EIGHTH AFFIRMATIVE DEFENSE

(Acts of others)

124. To the extent that Plaintiffs have been injured as a result of the acts or omissions they allege in the Complaint, such injury was caused by persons other than O.U.R.

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 15
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington  98007
425.748.5055

**NINTH AFFIRMATIVE DEFENSE**

(*Noerr-Pennington* doctrine)

125. The claims based on Exhibit A, which essentially reproduced WSP's press release, fail because O.U.R. is immune from suit pursuant to the *Noerr-Pennington* doctrine. O.U.R.'s report on law enforcement activity that it supported through donations is part and parcel of O.U.R.'s right to petition government and therefore is protected by the *Noerr-Pennington* doctrine.

126. Furthermore, O.U.R.'s activities in connection with Washington law enforcement—for example, by donating to the MECTF—are immune from liability under the *Noerr-Pennington* doctrine.

**TENTH AFFIRMATIVE DEFENSE**

**(**Uniform Correction or Clarification of Defamation Act, Chapter 7.96 RCW))

127. Plaintiffs have not made an adequate request for correction or clarification within the meaning of RCW 7.96.040 because Plaintiffs' allegations are not sufficiently specific as to the published statement or statements about which they are suing (Plaintiffs' allegations alternate between referring to the "statement at issue," presumably meaning the O.U.R. blog post, and multiple "statements."). Their claims must be dismissed to the extent they rely on any published statements beyond Exhibit A—the only publication alleged with some specificity in the Complaint.

128. On April 13, 2021, Plaintiffs provided O.U.R. with evidence that the charges against Mr. Parker had been dismissed. On April 20, 2021, in response to that evidence, O.U.R. updated its blog post about the Net Nanny Operation to clarify that the charges against Mr. Parker were dismissed. The updated blog post is attached hereto as Exhibit B. Undersigned counsel provided written and oral notice to Plaintiffs' counsel of the proposed clarification. The update satisfies the timeliness and sufficiency requirements of RCW 7.96.070. Plaintiffs therefore may not recover damages for injury to reputation or presumed damages.

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 16
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington 98007
425.748.5055

### ELEVENTH AFFIRMATIVE DEFENSE

(Immunity pursuant to 47 U.S.C. § 230)

129. O.U.R.'s blog post concerning the February 2019 Net Nanny Operation was a nearly verbatim reproduction of the WSP press release. To the extent Plaintiffs base liability on O.U.R.'s blog post, O.U.R. is immune from liability pursuant to 47 U.S.C. § 230.

130. To the extent Plaintiffs base liability on comments or other third-party content appearing on the O.U.R. blog or website, O.U.R is immune from liability pursuant to 47 U.S.C. § 230.

### TWELFTH AFFIRMATIVE DEFENSE

(Failure to mitigate damages)

131. Plaintiffs have failed to mitigate damages as to O.U.R. Among other things, they did not request O.U.R. to clarify or correct the blog post regarding the February 2019 Net Nanny Operation until they served the complaint on March 25, 2021.

### THIRTEENTH AFFIRMATIVE DEFENSE

(RCW 4.24.420)

132. O.U.R. is immune from suit as to state-law claims alleged against it to the extent Mr. Parker was engaged in the commission of a felony at the time of the occurrence(s) allegedly causing his injury.

WHEREFORE, defendant Operation Underground Railroad, Inc. prays as follows:

A. That Plaintiffs take nothing by their claims against O.U.R., and that such claims be dismissed with prejudice;

B. That, with respect to the Civil Rights Act claims, O.U.R. be award its attorney fees and expert fees pursuant to 42 U.S.C. § 1988(b) and (c), as the Civil Rights Act claims are frivolous, unreasonable or without foundation as to O.U.R.;

C. That, with respect to O.U.R.'s defense based on RCW 4.24.510, O.U.R. be

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 17
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington  98007
425.748.5055

awarded its expenses and reasonable attorneys' fees in establishing that defense, as well as a statutory penalty of $10,000;

D.     For an award to O.U.R. of its costs; and

E.     For such other and further relief as is just and equitable.

## JURY DEMAND

Defendant Operation Underground Railroad, Inc. hereby demands a jury trial as to all issues so triable.

Dated: April 22, 2021           SNELL & WILMER L.L.P.

By:  */s/ Clifford S. Davidson*
     Clifford S. Davidson, WSBA 48313
     csdavidson@swlaw.com
     Lea K. Schneider, WSBA 56471
     lschneider@swlaw.com

Attorneys for Defendant
Operation Underground Railroad, Inc.

\4815-7268-7845

ANSWER OF DEFENDANT OPERATION
UNDERGROUND RAILROAD, INC. - 18
CASE NO. 3:21-CV-05258-BHS

Snell & Wilmer
2018 156th Avenue, NE, Suite 100
Bellevue, Washington  98007
425.748.5055