**The Honorable Benjamin H. Settle**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

QUENTIN M. PARKER and KATHERINE R. PARKER, husband and wife and the marital community thereof,
Plaintiffs,

vs.

THE STATE OF WASHINGTON; et al..
Defendants.

**NO. 3:21-cv-05258-BHS**

**DEFENDANT CITY OF OLYMPIA'S AND AARON FICEK'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

**NOTE FOR CONSIDERATION:**

**Friday, February 18, 2022**

## I. MOTION

COMES NOW defendants City of Olympia and Aaron Ficek, by and through their counsel of record, and moves this Court pursuant to Fed. R. Civ. P. 56 for an Order of Summary Judgment. This motion is based on the pleadings and other documents on file in this case, the following Memorandum in Support of Summary Judgment, and the supporting declarations with their respective exhibits. These pleadings, documents and other materials show that there is no genuine issue of material fact regarding the plaintiffs' claims and that these defendants are entitled to an Order of summary judgment.

## II. FACTS

In February of 2019, The Olympia Police Department Detective unit, assisted Detectives



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

from the Washington State Patrol's (WSP) Missing and Exploited Children's Task Force (MECTF) with an undercover operation in Thurston County, Washington. *Ficek Dec.*

Plaintiff Quentin Parker alleges he was arrested as part of MECTF's investigation of individuals who target children online for sexual assault. Dkt. 1-1, pp. 7-11. Plaintiff Quentin Parker responded to an online add, posted by law enforcement posing as a young mom, that offered her "three girls to share [for] Young fun. Taboo." *Id.*, pg. 8. Mr. Parker exchange text messages with "young mom" and indicated he understood that he would be allowed to have sexual relations with her three young daughters, ages 13, 11 and 6. *Justice Dec.*, ex. 2. According to a law enforcement report, Plaintiff arrived at the location where he believed "young mom" lived. *Justice Dec.*, ex. 1. He had lubricant and candy with him. *Id.* After the woman posing as "young mom" told Mr. Parker that the "girls were trying on outfits" she left the room and Mr. Parker was arrested by a separate team of law enforcement. *Id.*, ex. 3.

Olympia Police Department Detectives were asked to assist with the transport of the suspects from the target location (where the undercover operation was taking place) back to the WSP Detective offices for interviews. *Ficek Dec.* The Olympia Detectives rotated on being the primary Detective of the transport after they were arrested by WSP and would complete a report. Olympia Police Detectives, who were not on a transport, would sit in on the Interviews which were being conducted by the WSP detectives. *Id.*

Olympia Detective Aaron Ficek, a named defendant in this case, assisted other Detectives with the transport of Quentin Parker from the target location back to the WSP Detective office. *Ficek Dec.* He did not arrest Mr. Parker or charge him with any crimes. *Id.* After Mr. Parker was brough back to WSP, Detective Ficek was asked to assist WSP Detective Darrell Noyes with the interview of Mr. Parker. *Id.* Detective Ficek did not complete a report



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

because he was not the primary detective. *Id.* Detective Ficek was not involved in the subsequent prosecution of Mr. Parker. *Id.* The above is the entirety of Detective Ficek's involvement with Mr. Parker's arrest and subsequent criminal case. *Id.*

Mr. Parker was charged by the Prosecuting Attorney with two counts of Attempted Rape of a Child in the first degree and Attempted Rape of a Child in the second degree. *Id.*, ex. 4. The Thurston County Superior Court found probable cause for these charges. *Id.*, ex. 5. The criminal charges were later dismissed on a motion of the Prosecutor "without prejudice" prior to trial. *Id.,* ex. 6. No reason for the dismissal is apparent from the Order of Dismissal. *Id.*

Plaintiffs Complaint allege the following causes of action against the City of Olympia and Aaron Ficek:

1. Unreasonable seizure under the Fourth Amendment.
2. Outrage.
3. Negligent Infliction of Emotional Distress.
4. False Arrest.
5. Negligence.
6. Abuse of Process.

Dkt. 1-1.

## III. LAW AND ARGUMENT

### A. Standards on Summary Judgment.

Summary judgment "is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" *Smith v. Board of County Commissioners*, 216 F.Supp.2d 1209, 1213-1214 (D. Kan. 2002), *quoting, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). Under FRCP 56(c), summary judgment should be granted if "there is no



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." 477 U.S. at 247-248.

The "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a *genuine* issue for trial." 477 U.S. at 248, *quoting*, *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575 (1968) (emphasis added.) When "the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). *See also Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000) (holding that the *Celotex* "showing" can be made by "pointing out through argument--the absence of evidence to support plaintiff's claim").

**B. Plaintiff has presented no evidence supporting municipal civil rights claim against the City of Olympia.**

Municipal liability under 42 U.S.C. § 1983 is not established by the employment relationship between a municipality and its employees under a theory of respondeat superior. *Monell v. N.Y. City Dept. of Soc. Svcs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978):

> [A] local government may not be sued under § 1983 for any injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may



LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511

> fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

To "impose *Monell* liability on their municipality under Section 1983, plaintiffs must prove: (1) [plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) *the policy amounts to deliberate indifference to his constitutional right*; and (4) 'the policy is the moving force behind the constitutional violation.'" *Gordon v. Couny of Orange*, 6 F.4th 961 (2021), *quoting, Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (emphasis added).

If the plaintiffs attempt to impose municipal liability under § 1983 based entirely on a single incident, they must demonstrate that the incident "was caused by an existing ***unconstitutional municipal policy***, which policy can be attributed to a municipal policy maker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427 (1985). In the absence of an existing unconstitutional policy, "considerably more proof than the single incident will be necessary in every case to establish both requisite fault on the part of the municipality, and the causal connection between the 'policy' and constitutional deprivation." *Id.* any complaint by Plaintiff that a County employee departed from its Constitutional policies does not give rise to a viable *Monell* claim. *See, e.g., Ramirez v. County of Los Angeles*, 397 F. Supp. 2d 1208, 1214 (C.D. Cal. 2005)("[W]ith respect to the *Monell* claim against Los Angeles County, the motion [for summary judgment] is granted. Plaintiff has presented no evidence that Det. Bravo's actions reflect any custom, policy, practice or procedure of Los Angeles County, and, indeed, the record contains evidence that Det. Bravo's violation of established policies and practices of the Sheriff's Department contributed to the Constitutional deprivations alleged in this case."); *Hernandez v. City of Corpus Christi*, 820 F. Supp. 2d 781, 811 (S.D. Tex. 2011)("There is simply no evidence



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

that the City somehow excused Smith from complying with its antidiscrimination policies. If anything, Plaintiff's arguments demonstrate that Smith failed to act in accordance with City policy, not that official City policy is itself to blame.")

Plaintiffs' have failed to identify a policy or custom of the City of Olympia that allegedly caused their alleged constitutional violation. Summary judgment should therefore be granted on the Fourth Amendment claim against the City of Olympia.

**C. Aaron Ficek is entitled to Qualified Immunity regarding Plaintiff's Fourth Amendment Claim.**

The plaintiff alleges a violation of the Fourth Amendment against Aaron Ficek for alleged unreasonable seizure.

The Supreme Court has noted that government officials sued for alleged constitutional violations are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). The "central purpose of affording public officials qualified immunity is to protect them 'from undue interference with their duties and from potentially disabling threats of liability.'" *Elder v. Holloway*, 510 U.S. 540, 114 S.Ct. 1019 (1994). The "qualified immunity defense allows for mistaken judgments and **protects 'all but the plainly incompetent or those who knowingly violate the law**.'" *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995) (emphasis added), *quoting Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534 (1991) (per curiam.) This accommodation for reasonable error exists because "officials should not err always on the side of caution because they fear being sued." *Id.* at 229.



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

The plaintiffs have the burden of demonstrating that each named officer's conduct "violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). If they fail to meet that burden, then the officer is entitled to qualified immunity. *Id.* If the question cannot be resolved as a matter of law, then the Court must proceed to ask whether the plaintiffs have established that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. "If the law did not **put the officer on notice** that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* (Emphasis added). *See, e.g., Brosseau v. Haugen*, 125 S.Ct. 596, 600, n. 4, 160 L.Ed.2d 583 (2004) (Noting that cases that postdate the conduct in question cannot give "fair notice" to police officers and "are of no use in the clearly established inquiry.")

In *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808 (2009), the Court reiterated the two question analysis for qualified immunity announced in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). However, it concluded that, "while the sequence set forth in [*Saucier*] is often appropriate, it should no longer be regarded as mandatory. The Judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S.Ct. at 818.

As *Pearson* holds, it is sometimes appropriate to engage in the *Saucier* analysis by asking first whether the government official knowingly violated "clearly established law", thus avoiding the need to answer the constitutional question. Whether a right is clearly established turns on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. "A Government official's conduct violates



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, , 131 S.Ct. 2074, 2083 (2011); *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). It is not sufficient to allege the violation of "abstract rights." *Id*. at 639, 107 S.Ct. 3034. Rather, the right the officials are alleged to have violated must be "'clearly established' in a more particularized, and hence more relevant, sense." *Id*. at 640, 107 S.Ct. 3034; *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir.2009) (concluding that while the plaintiff had the right to be free from wrongful incarceration, the relevant qualified immunity inquiry was whether the plaintiff had provided any evidence that a reasonable official in the defendant's position would have known that by failing to monitor state appellate court decisions for changes to the law, he would be violating the plaintiff's constitutional rights). More recently, the Supreme Court in *City and County of San Francisco, Calif. v. Sheehan*, 135 S.Ct. 1765, 1775-76, 191 L.Ed.2d 856 (2015) noted that "[q]ualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures."

In this case, there is no evidence that Aaron Ficek arrested the Mr. Parker. Thus, he cannot establish a seizure by Detective Ficek. However, even if Detective Ficek made the arrest (which he didn't) he would still be entitled to qualified immunity.

When a warrantless arrest is the subject of a § 1983 action, the Fourth Amendment is satisfied and the arresting officer is entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest" the plaintiff. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). In other words, the Fourth Amendment's prohibition against unreasonable seizures is not violated when there is probable cause for an arrest. *Atwater v. Lago Vista,* 532



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). The Supreme Court stated that "the substance of all the definitions of probable cause is a **reasonable ground for belief**." *Maryland v. Pringle*, 540 U.S. 366 (2003) (emphasis added). Once a police officer has a reasonable basis for believing there is probable cause to arrest, he or she "**is not required to explore and eliminate every theoretically plausible claim of innocence for making an arrest**." *Ricciutti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir.1997) (emphasis added). *See also, Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.1990)("Probable cause for a warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed ... an offense.") Courts use an objective standard when determining the existence of probable cause. *Valente v. Wallace,* 332 F.3d 30, 32 (1st Cir.2003).

The plaintiff was arrested after answering an ad in which a woman offered to make her three young girls available for sex with another adult. He showed up at the location where he was told that the girls were located, bearing lubricant and candy. The messages he exchanged with the purported mother of the young girls clearly expressed his intent to engage in sexual assault of three young girls. A reasonable officer, as the Superior Court did, could have concluded that Mr. Parker come to the location of the undercover operation intending to have sex with a minor child, i.e. that he had committed the crime of attempted rape of a child. *See* RCW 9A.28.020 (defining attempt to commit a crime) and RCW 9A.44.073 (defining first degree rape of a child). *See also, State v. Chhom*, 128 Wn.2d 739, 743, 911 P.2d 1014 (1996) ("the crime of rape of a child contains no mens rea element; it requires no proof of intent. *See State v. Geer,* 13 Wash.App. 71, 75–76, 533 P.2d 389, *review denied,* 85 Wash.2d 1013 (1975).



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

When coupled with the attempt statute, the intent required for attempted rape of a child is the intent to accomplish the criminal result: to have sexual intercourse.")

Even if plaintiff claims he had a defense to the crime, the arresting police officer is not the "judge or jury" required to determine whether a potential defense to a crime might be asserted at trial. *McBride v. Walla Walla County*, 95 Wash.App. 33, 39-40 (1999). *See, e.g., State v. Green*, 157 Wn. App. 833, 233 P.3d 1130 (2010). The arresting officer is not determining ultimate guilt, but rather probable cause to believe a crime has been committed. Once officers possess facts sufficient to establish probable cause, "they are neither required nor allowed to sit as prosecutor, judge, or jury." *Torraco v. Port Auth.*, 539 F.Supp.2d 632, 649 (E.D.N.Y.2008) (citation omitted); *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir.2006); *see also Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir.1989) (noting that an officer's function is to "apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence.")

Detective Aaron Ficek did not arrest the Mr. Parker. However, even if he had, there was arguable probable cause for the arrest. Detective Ficek is therefore entitled to qualified immunity for the Fourth Amendment claim.

**D. The Claim of Outrage Fails as a Matter of Law.**

The elements of a claim of outrage are: 1) extreme and outrageous conduct; 2) intentional or reckless infliction of emotional distress; and 3) actual result to the plaintiff of severe emotional distress. *Dicomes v. State*, 113 Wn.2d 612, 782 P.2d 1002. The conduct in question must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291 (1975).



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

This tort "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Grimsby*, 85 Wn.2d at 59. "[I]t is not enough that a 'defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'" *Id.*

Dismissal of a claim of outrage is appropriate if the court determines that reasonable minds could not differ as to whether the conduct was extreme and outrageous. *Dicomes*, 113 Wn.2d at 630. *See, e.g., Guffey v. State*, 103 Wn.2d 144, 146 (1984) (Trooper pointing gun at person erroneously believed to be a wanted felon did not “come anywhere near” a claim of outrage.); *Banks v. Nordstrom, Inc.,* 57 Wn. App. 251, 263 (1990) (Failure to inform police that person arrested for shoplifting was wrong person, despite knowledge of this fact, until after person was booked, fingerprinted and arraigned, was not outrageous.) *See also, Jackson v. Peoples Fed. Credit Union*, 25 Wn. App. 81, 84 (1979) (trial court must make an initial determination as to whether the conduct may reasonably be regarded as extreme and outrageous, thus warranting a factual determination by the jury.)

A review of Washington cases involving failed claims for outrage illustrates the extreme degree of *intentional* conduct necessary to get to a jury on claim for outrage:

In *Spurrell v. Block*, 40 Wn. App. 854 (1985), the Court held allegations that the defendants erroneously removed the plaintiff’s children from their home and placed them in temporary protective custody for thirty hours did not “come anywhere near” the elements of outrage.”



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

In *Robel V. Roundup Corporation, d/b/a Fred Meyer, Inc.*,103 Wn. App. 75 84, 10 P.3d 1104 (2000), the plaintiff alleged that her co-workers, "and perhaps even her supervisors, subjected her to rough, insulting language and other indignities" including calling her a "f-ing bitch" a "liar" and much worse. The Court held, that this conduct "was not so extreme and outrageous as to be regarded as atrocious or intolerable. As a matter of law, reasonable minds could not differ on whether the conduct was so extreme as to result in liability." *Id.* at 90.

In this case, Detective Ficek's actions were not outrageous as a matter of law. The only basis for naming Olympia in this claim is under respondeat superior. Thus, if the outrage claim against Detective Ficek cannot survive summary judgment, Olympia is entitled to summary judgment as well. *Orwick v. Fox*, 65 Wash.App. 71, 88, 828 P.2d 12 (1992).

**E. False Arrest Is Defeated by Probable Cause.**

Probable cause is a complete defense to a claim of false arrest, false imprisonment and malicious prosecution. *Hanson v. Snohomish*, 121 Wn.2d 552, 563, 852 P.2d 295 (1993). As explained above, there was probable cause to arrest the plaintiff as a matter of law. Thus, summary judgment is appropriate on the state law claim for false arrest.

**F. Negligent Infliction of Emotional Distress/Negligence.**

In any negligence claim against a governmental entity, the plaintiff must establish a duty was owed to them as individuals, rather than to the public in general. *Pepper v. JJ Welcome Construction*, 73 Wn. App. 523, 531 (1994). This is known as the public duty doctrine. Id. The existence of a duty under the public duty doctrine, "is a question of law," not a question of fact. *Osborn v. Mason County*, 157 Wn.2d 18, 23 (2006).

It is also well settled that a claim for negligent investigation against a police officer is not cognizable in Washington. *Laymon v. Dep't of Natural Resources*, 99 Wn. App. 518, 530, 994



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

P.2d 232 (2000); *Fondren v. Klickitat County*, 79 Wn.App. 850, 862, 905 P.2d 928 (1995). Generally speaking, "law enforcement activities are not reachable in negligence." *Keates v. Vancouver*, 73 Wn. App. 257, 267 (1994) ("police officers owe no duty to use reasonable care to avoid inadvertent infliction of emotional distress on the subjects of criminal investigations.") Washington "recognizes the central roles which police and prosecutors play in maintaining order in our society and the burdens imposed on each of us as citizens as part of the price for that order." *Id.* Lawsuits "against police tend to obstruct justice" and for this reason, both the legislature and the courts have a policy of "discouraging these kinds of lawsuits." *Id.*, *citing* RCW 4.24.350. Law enforcement officers owe a duty to the public as a whole, not a particular class of people. *Rodriguez v. Perez*, 99 Wn. App. 439, 443 (2000). *See also, Chambers-Castanes v. King County*, 100 Wn.2d 275, 284 (1983) ("[W]e have consistently held that absent a clear legislative intent or clearly enunciated policy to the contrary, [law enforcement] duties are owed to the public at large and are unenforceable as to individual members of the public.").

In *Torres v. City of Anancortes*, 97 Wn. App. 64, 74 (1999), the Court commented as follows:

> The relationship of police officer to citizen is too general to create an actionable duty. Courts generally agree that responding to a citizen's call for assistance is basic police work and not special to a particular individual. Courts frequently deny recovery for injuries caused by the failure of police personnel to respond to requests for assistance, the failure to investigate properly, or the failure to investigate at all.

As the Court stated in *Osborn, supra*, 157 Wn.2d at 28, a County may have a "'duty' to protect its citizens in a colloquial sense, but it does not have a legal duty to prevent every foreseeable injury. (citation omitted) [A]nd 'a broad general responsibility to the public at large



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

rather than to individual members of the public' simply does not create a duty of care." *quoting Campbell v. City of Bellevue*, 85 Wn.2d 1, 9, 530 P.2d 234 (1975).

The public duty doctrine precludes government liability for allegedly negligent conduct unless one of four exceptions is proven: 1) legislative intent; 2) special relationship; 3) failure to enforce; and 4) rescue doctrine. Pepper v. J.J. Welcome, 73 Wn. App. at 531.

**1. Legislative Intent.**

To establish the legislative intent exception, the plaintiff must show that a relevant statute "evidences a clear intent to identify and protect a particular and circumscribed class of persons." Taylor v. Stevens County, 111 Wn.2d 159, 164, 759 P.2d 447 (1988). "[T]his intent must be clearly expressed within the provision - it will not be implied." Ravenscroft v. Water Power Co., 136 Wn.2d 911, 930, 969 P.2d 75 (1998). The plaintiff has not cited any statute demonstrating a legislative intent to create an enforceable duty of under these circumstances that is owed to a particular and circumscribed class of persons, which includes the plaintiffsha.

**2. Special Relationship.**

There are three prerequisites to the application of the special relationship exception to the public duty doctrine:

a. There must be privity or direct contact between the public official and the injured plaintiff;

b. The public official must give express assurances; and

c. The plaintiff must justifiably rely on those assurances.

Smith v. State, 59 Wn. App. 808, 813, 802 P.2d 133 (1990).

The special relationship exception "is a narrow one which requires the plaintiff to have relied on assurances he specifically sought and which the government expressly gave." Pepper



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

v. JJ Welcome, 73 Wn. App. at 534-35. The government must make an express assurance to the plaintiff. See, e.g., Lester v. Town of Winthrop, 87 Wn. App. 17, 26, 939 P.2d 1237 (1997) (where government agent informed plaintiff that application was complete, no express assurance was made that the plaintiff would receive the permit); Honcoop v. State, 111 Wn.2d 182, 192, 759 P.2d 1188 (1988).

In this case, the plaintiffs have not alleged any express assurances sought and given the plaintiffs by Olympia or Detective Ficek. The special relationship exception does not apply.

**3. Failure to Enforce.**

The failure to enforce exception has four elements:

(1) Governmental agents responsible for enforcing statutory requirements possess actual knowledge of a statutory violation.

(2) They fail to take corrective action.

(3) There is a statutory duty to do so.

(4) The plaintiff is within the class the statute is intended to protect.

Smith, 59 Wn. App. at 814 (emphasis added).

This exception is construed narrowly, and the plaintiff has the burden of establishing each element of the exception. Atherton, 115 Wn.2d at 531. The statute must create a mandatory duty to take specific action to correct a statutory violation. Forest v. State, 62 Wn. App. 363, 369, 814 P.2d 1181 (1991).

The plaintiffs have not asserted that the City or Detective Ficek violated any statute and that it failed to correct a statutory violation. This exception does not apply.



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

**4. Rescue Doctrine.**

The final exception to the public duty doctrine is the rescue doctrine. The rescue doctrine is based on the tort theory that if one undertakes to render aid to another or to warn a person in danger, one must exercise reasonable care. If a rescuer fails to exercise care and increases the risk of harm to those he is trying to rescue, he is liable for any damages he causes. *Smith v. State*, 59 Wn. App. 808, 814 (1990). The doctrine does not apply to the facts of this case.

The plaintiffs cannot establish a duty was owed to them as individuals as a matter of law regarding their claims of negligence and negligent infliction of emotional distress. Even if there were a duty owed to plaintiffs, however, they have not established a genuine issue of material fact regarding breach of that duty and proximate cause.

**G. Abuse of Process.**

The two essential elements for an 'abuse of process' claim "are (1) the existence of an ulterior purpose—to accomplish an object not within the proper scope of the process—and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings. The mere institution of a legal proceeding even with a malicious motive does not constitute an abuse of process." *Fite v. Lee*, 11 Wn.App. 21, 28, 521 P.2d 964 (1974). Plaintiffs have no evidence that Olympia or Detective Ficek issued any legal process to the plaintiffs or did so for an improper ulterior purpose. Summary judgment should be granted on this claim.

///

///

///

///



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

## IV. CONCLUSION

For the foregoing reasons, summary judgment should be granted to the City of Olympia and Aaron Ficek on all claims asserted against them by plaintiffs.

DATED this 26th day of January, 2022.

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.

*/s/ John E. Justice*
______________________________
John E. Justice, WSBA № 23042
Attorney for Defendant City of Olympia and Aaron Ficek
Email: jjustice@lldkb.com



*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480 FAX: (360) 357-3511*

**CERTIFICATE OF FILING & SERVICE**

I hereby certify under penalty of perjury under the laws of the United States of America that on this date, I caused to be electronically filed the foregoing document, and this Certificate of ECF Filing & Service, with the Clerk of the Court using the CM/ECF system, who will send notification of such filing to the following parties:

***Attorney for Plaintiffs:***

Charles W. Lane IV
Clane866@aol.com

***Attorney for Thurston County & Shawn Horlacher:***
Scott C. Cushing
Patrick McMahon
Scott.cushing@co.thurston.wa.us
patm@carlson-mchahon.org

***Attorneys for State of Washington Defendants:***
Lori Ann Nicolavo
Richard Steven Puz
Attorney General's Office
lori.nicolavo@atg.wa.gov
stevep@atg.wa.gov

DATED this 26th day of January, 2022, at Tumwater, WA.

*/s/ Tam Truong*

Tam Truong
Assistant to John E. Justice



*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*